## L. KELLEY v. STATE.

No. A-5137. Opinion Filed June 23, 1925.
(237 Pac. 143.)

A. W. Whitfield, for plaintiff in error.

The Attorney General, for the State.

DOYLE, J. The information in this case charges that in Okmulgee county, on the 17th day of May, 1923, L. Kelley did have the possession of two gallons of corn whisky, with the intention of selling the same. On the trial the jury returned a verdict finding the defendant guilty, and fixing his punishment at a fine of $500 and confinement in

the county jail for 6 months. From the judgment he appeals. The errors relied on for reversal are that the verdict and judgment is not sustained by sufficient evidence, and that the court erred in admitting incompetent evidence.

The evidence shows that John Russell, sheriff, and four deputies visited the premises occupied by the defendant, 3 or 4 miles northeast of Beggs; and about 200 yards south of the home of the defendant they found some whisky concealed under a brush pile. The defendant was absent when the place was searched, but arrived there before the officers left.

Ernest Hulsey, deputy sheriff, testified that the defendant had a little store and residence combined; that John Russell, Bowman, and Martin went east and he found the liquor before they came back; that he found the whisky under different brush piles along the side of the road; that he did not think the whisky was found on the defendant's premises.

Over the defendant's objections he was permitted to testify that he knew the whisky belonged to the defendant before he found it, because the defendant's wife told him that she was real jealous, and that she wanted him to put the defendant in jail, and told him where the whisky was.

Bert Martin testified that he did not know whether this whisky was found on the defendant's place or not.

George Bowman testified that the whisky was found about a quarter, he guessed, south of the defendant's house; that a white man lived within 200 yards of the defendant's place, and when the defendant appeared he would not admit that the whisky was his.

Tom A. Brown testified that, with Ernest Hulsey, he found a quart and a soda pop bottle full of whisky under a brush pile, but did not know whether or not the whisky was found on the defendant's land.

At the close of the state's evidence, there was a motion by the defendant for a directed verdict on the ground that the evidence was insufficient to connect him with the alleged offense. The motion was overruled, and exception reserved.

The testimony of the defendant in his own behalf is as follows:

"When I got home they said they searched me with a John Doe search warrant. One of them asked: 'Is your name Kelley?' I said: 'Yes, sir.' He said: 'We want to talk to you; we are the law. Where have you been?' I said: 'I have been to Slick.' And one of them spoke up and said: 'We got the whisky, and now we got you.' I said: 'No; I haven't any whisky.' Mr. Russell said: 'Do you handle liquor?' I said: 'No, sir.' Mr. Bowman said: 'Put up your horse.' And I started to do it, and Mr. Russell hit me. I said: 'There is no use doing that.' 'Don't tell us that stuff,' Mr. Bowman said. 'We didn't find anything on your premises, but you know this is your whisky.' I told him I didn't know anything about it. The pipe line runs along east side of the road; I don't know anything about this whisky they said they got there, but it was not found on my place the way they described it. They said they got it on the section line south of the house, and that is all open country. My land is fenced."

In rebuttal, John Russell, sheriff, testified that when the defendant drove up he asked him if he was Kelley; he said, "Yes;" he then told him he was under arrest, and the defendant said, "No; I am not," and then he hit him; that he did not know whether or not the whisky was found on the defendant's place.

While the defendant is not represented in this court, we have carefully gone through the record, and we are convinced that it contains no testimony tending to connect the defendant with the liquor found by the officers, if we except the statement of the witness Hulsey as to what the defendant's wife told him. That this was hearsay testimony is

not open to question, and its admission was prejudicial error.

We are of the opinion that, as a matter of law, the verdict of guilty on the evidence in this case cannot be sustained. The judgment of the lower court is therefore reversed.

BESSEY, P. J., and EDWARDS, J., concur.